Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII (DJ-2025-063B)

| | | |
|---|---|---|
| SHEILA RAMOS SILVA<br><br>Demandante Peticionaria<br><br>v.<br><br>GRUPO COLÓN GERENA H/N/C APPLEBEE'S Y OTROS<br><br>Demandada Recurrida | TA2026CE00673 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2025CV03986<br>Salón Núm.: 406<br><br>Sobre: Accidentes en Estacionamientos Comerciales |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 12 de junio de 2026.

Comparece la señora Sheila Ramos Silva vía *certiorari* y solicita que revoquemos la *Orden* del Tribunal de Primera Instancia, Sala Superior de Carolina, emitida el 30 de marzo de 2026. En dicho dictamen, se dio por admitido el Requerimiento de Admisiones que la parte recurrida notificó a la parte peticionaria. Por los fundamentos que expondremos, expedimos el auto de *certiorari* y revocamos la *Orden* recurrida.

En síntesis, el 5 de diciembre de 2026, la señora Ramos Silva presentó una demanda por daños y perjuicios contra Grupo Colón Gerena H/N/C/ Applebee's y otros, a causa de traumas corporales sufridos el 7 de diciembre de 2024 en las facilidades del restaurante. Dichos daños ocurrieron, alegadamente, cuando el banco de la mesa tipo *booth* sobre el cual la peticionaria trató de sentarse se desprendió y

provocó que la señora Ramos Silva cayera por el hueco y se golpeara el cuerpo.

Luego de varios trámites procesales, el 4 de febrero de 2026, el Tribunal recurrido, mediante una primera orden de calendarización (sin título) ordenó a las partes notificar el 13 de febrero de 2026 los interrogatorios, los requerimientos de admisiones y las solicitudes para producir documentos que interesan realizar. Asimismo, el foro especificó que las partes deberán replicar los requerimientos de admisiones no más tarde del 5 de marzo de 2026. En este señalamiento, al igual que en una *Orden* emitida el 12 de febrero de 2026, el Tribunal recurrido enfatizó que los términos dispuestos son de cumplimiento estricto y su incumplimiento acarreará una sanción económica al amparo de la Regla 37.7 de Procedimiento Civil de 2009 (32 LPRA Ap. V). Más aun, en esa primera orden de calendarización, el Tribunal de Primera Instancia dispuso que las partes debían informar al foro, no más tarde del 31 de marzo de 2026, cualquier descubrimiento de prueba adicional que fuera necesario realizar.

Así las cosas, el 13 de febrero de 2026, Grupo Colón le informó al Tribunal que ese mismo día notificó a la señora Ramos Silva un Primer Pliego de Interrogatorios y Requerimientos de Producción de Documentos y/u Objetos, y un Requerimiento de Admisiones. No obstante, el 20 de marzo de 2026, Grupo Colón informó al Tribunal recurrido que la parte peticionaria no había contestado al Requerimiento de Admisiones. Por consiguiente, Grupo Colón solicitó que se dieran por admitidas, de manera automática, todas las cuestiones que fueron objeto en dicho Requerimiento. Luego de evaluar el Requerimiento de Admisiones—el cual incluyó el que la señora Ramos

Silva admitiera que "nunca cayó por hueco alguno", "nunca se cayó" y que luego del incidente "salió del *booth* sin dificultad"—el Tribunal recurrido emitió una *Orden* para tomar como admitido dicho Requerimiento. Mientras tanto, el 1 de abril de 2026, el referido foro emitió una segunda orden de calendarización y explicó que "[t]ranscurrido los plazos dispuestos en la primera orden de calendarización, el tribunal considera que [Ramos Silva] concluyó su descubrimiento de prueba". Ante esta última calendarización, la señora Ramos Silva nunca presentó solicitud de reconsideración.

Posteriormente, la parte peticionaria solicitó reconsideración y alegó que "la [peticionaria] si [sic] le notificó a su abogado las contestaciones al requerimiento de admisiones; fue el abogado suscribiente quien no pudo completar el trámite de elevarlas a los formatos que se utilizan en la práctica y coordinar su juramento". Esto, porque dicha representación legal estaba atendiendo una emergencia familiar y se había comunicado con la parte contraria sobre tal emergencia sin recibir objeción a la recalendarización de la presentación de las admisiones para finales de marzo. Luego de la parte recurrida indicar que nunca recibió alguna comunicación sobre la recalendarización, el Tribunal recurrido resolvió sin lugar la solicitud de reconsideración, toda vez que los argumentos de la parte peticionaria no justificaron el incumplimiento con los términos establecidos por el foro.

Insatisfecha, la peticionaria recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró al dar por admitidos los requerimientos de admisiones y denegar la solicitud de reconsideración de la parte peticionaria, a pesar de existir justa causa para el

incumplimiento y de que el caso aún se encuentra en etapa de descubrimiento de prueba. Presentada la oposición de la parte recurrida, resolvemos.

El auto de *certiorari* es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos, tanto en el ámbito provisto por la Regla 52.1 de Procedimiento Civil, *supra*, como de conformidad con los criterios dispuestos por la Regla 40 de este Tribunal de Apelaciones (4 LPRA. Ap. XXII-B). Véase, también, *IG Builders v. BBVAPR*, 185 DPR 307 (2012). En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Citibank v. ACBI*, 200 DPR 724 (2018).

Ahora bien, una parte podrá requerir por escrito a cualquier otra parte que admita la veracidad de cualesquiera materias, dentro del alcance del descubrimiento de prueba, contenidas en el requerimiento, que se relacionen con cuestiones de hechos u opiniones de hechos o con la aplicación de la ley a los hechos. Regla 33 de Procedimiento Civil, *supra*. Dicho esto, todas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento—o dentro del término que concediese el tribunal—la parte notificada le informe a la

otra parte una contestación suscrita bajo juramento o una objeción escrita sobre la materia. Íd.

Toda admisión hecha se considerará definitiva, a menos que el tribunal, en ejercicio de su discreción y previa moción al efecto, permita el retiro o enmienda de la admisión. Íd.; *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 DPR 563 (1997). Esto es, el tribunal podrá permitir el retiro o la enmienda de la admisión, aunque fuera una admisión tácita, si ello contribuye a la disposición del caso en sus méritos y la parte que obtuvo la admisión no demuestra al foro que dichas acciones afectarán adversamente su reclamación o defensa. Regla 33 de Procedimiento Civil, *supra*; *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, *supra*.

En el presente caso, el Tribunal de Primera Instancia erró al mantener admitidas las cuestiones dispuestas en el Requerimiento de Admisiones de la parte recurrida sin reparar en cómo ello contribuye a adjudicar en los méritos ni ante la presentación por Grupo Colón, de un argumento convincente sobre cómo la enmienda a las admisiones podría afectar adversamente su defensa. Por tanto, al tenor de las circunstancias descritas, el Tribunal de Primera Instancia deberá permitir a la peticionaria presentar sus respuestas al Requerimiento de Admisiones.

Por los fundamentos expresados, expedimos el auto de *certiorari* y revocamos la *Orden* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones